QUINCY AND PALMYRA RAILROAD COMPANY, Appellant, v. JOHN TAYLOR, Respondent.

1. *Practice — District Court — Exception to action of.*— Sections 27 *et seq.*, chap. 169, Gen. Stat. 1865, relate exclusively to the practice and proceedings in the Circuit Courts, and have no reference to the District Court. That exceptions to the action of the District Court should be saved, in order to bring causes to this court, would only be required by resorting to an act of judicial legislation. And, in the absence of any direct statutory requirement, there is no apparent reason why a party should be compelled to except in the District Court. A bill of exceptions will only lie to review a decision made at the trial of a cause; and if it be so framed as to show that the exception was taken to a decision *in banc*, made after the trial, an appellate court cannot look into it. Hence, this court will overrule a motion to dismiss an appeal for want of such exceptions.

2. *Corporations — Railroad — Notice of appropriation and condemnation of land — What sufficient.*— The "substance" and material matters of which the statute concerning the appropriation and condemnation of lands for railroad purposes (Gen. Stat. 1865, p. 352, ? 2) intended that notice should be given, are the proceedings to take measures to subject the property to the uses designated and say what damages shall be paid therefor. And where the publication notifies the owner that the petitioner will make application to the judge of the Circuit Court at a certain time and place, and the object sought to be accomplished is precisely and plainly stated, and the land, which is the subject of the proceedings, described, it imparts to him all necessary information, and apprises him of everything essential touching the premises.

*Appeal from Hannibal Court of . Common Pleas.*

*James Carr*, for appellant.

I. The court had no jurisdiction over the subject matter of the respondent's motion. The report of the commissioners was filed with the clerk of the Circuit Court on the 8th day of January, 1868 ; the respondent filed no written exceptions to it within ten days, as required by the statute. (Gen. Stat. 1865, ch. 66, p. 353.) The Circuit Court of Marion county had no jurisdiction. The cause was *coram non judice*, and hence its judgment dismissing the proceedings was null and void. (Visscher v. Hudson River R.R. Co., 15 Barb. 37 ; New York Central R.R. Co. v. Marion, 11 N. Y. 276 ; Hann. & St. Jo. R.R. Co. v. Morton, 20 Mo. 70 ; Williams v. Hartford & New Haven R.R. Co., 13 Conn. 110 ; In the matter of Negus, 10 Wend. 34.) Consent of parties cannot confer jurisdiction. (Baker, Adm'r of Lindell, v. Hann. & St. Jo. R.R. Co., 36 Mo. 543.) The proceeding in this case is entirely statutory. It is a special proceeding, and must stand or fall according as it shows a strict compliance with, or failure to comply with, the provisions of the statute. If it had been a suit in a court proceeding according to the rules of the common law, the court having jurisdiction over the parties and subject matter, error in judgment and irregularities in conducting the proceedings would not vitiate the judgment rendered in the cause, unless it had been reversed on appeal or writ of error. (Voorhees v. The Bank of the United States, 10 Pet. 450.) But there is no provision for reviewing the proceedings on appeal or writ of error, as there is in a common-law

court. The proceeding can only be reviewed in pursuance of section 4, chapter 66, already cited, by filing, within ten days after filing such report in the clerk's office, written exceptions. In that event the court is authorized to make such order therein as right and justice may require, and may order a new appraisement upon good cause shown. *Expressio unius est exclusio alterius.* The evident implication, then, is that the report of the commissioners cannot be reviewed by the court in which the proceedings are had, when there has been a failure to file such written exceptions within ten days after filing the report of the commissioners. The respondent having failed to file any written exceptions until long after the time prescribed, the court had no jurisdiction over either the parties or the subject matter. The motion made by the respondent was *coram non judice*, and the decision of the court thereon a clear case of usurpation; hence, null and void. This proceeding could be brought up by a writ of *certiorari* if the fourth section had not authorized written exceptions to be filed within ten days after the filing of the report of the commissioners. That section affords a complete remedy. That remedy is exclusive. No other remedy can be pursued. (Lindell's Adm'r v. Hann. & St. Jo. R.R. Co., 36 Mo. 543; and authorities cited.) It follows, then, that, whether voidable or void, the court below had no jurisdiction.

II. But if the court shall be of opinion that the Circuit Court had jurisdiction over the subject matter of the motion filed by the respondent, then it is affirmed that the substance of the petition is recited in the notice published in this case, as required by the second section of the chapter already cited. (Gen. Stat. 1865, p. 352; Sloan v. Force, 11 Mo. 126; 20 Mo. 70.) The whole proceeding is either valid or void. If the substance of the petition presented to the judge of the Sixteenth Judicial Circuit is recited in the notice, then the proceeding is valid. The evident intention of the statute is to require the railroad company seeking to condemn the right of way over the land of an individual to publish facts enough to apprise him of the fact that the railroad of such company has been located over his land, and that it intends to apply to the judge of the Circuit Court to appoint commission-

ers to view and assess the damages which he will sustain from the erection and maintenance of such railroad over his land. If it does this, such individual has information enough to put him upon inquiry, and the notice is a sufficient compliance with the statute. (Dougherty v. The Summerville & Easton R.R. Co., 1 Zabr. 443 ; 21 Ill. 399 ; Epley v. Witheron, 7 Watts, 163 ; 19 Ill. 486.)

*Anderson & Lipscomb, Dryden & Lindley*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

A preliminary question is raised in this case by the counsel for the respondent, who has filed a motion to dismiss the appeal, because the decision of the District Court affirming the decision of the Circuit Court was not excepted to by the appellant, nor any exceptions preserved in the District Court. The motion is based upon the assumption that, in order to enable this court to take cognizance of a cause, the decision of the District Court must be excepted to, and exceptions regularly saved, in the same manner as in cases coming up from the Circuit Court to an appellate tribunal.

No provision in the statute has been cited or referred to justifying or sustaining this position ; and, after a careful examination, we have not been able to find any. The section of the constitution providing for the establishment and organization of the District Courts declares that they shall, within their respective districts, have like original jurisdiction with the Supreme Court, and appellate jurisdiction from the final judgments of the Circuit Courts, and of all inferior courts of record within the district except Probate and County Courts ; and that, after the establishment of such District Courts, no appeal or writ of error shall lie from any Circuit Court or inferior court of record to the Supreme Court, but shall be prosecuted to the District Court, from the final judgment of which an appeal or writ of error may be taken to the Supreme Court, in such cases as may be provided by law. The only provision in the statutes relating to the question is in the practice act, chap. 169, § 27, which says that whenever, in the progress of any trial in any civil suit pending in any court of

record, either party shall except to the opinion of the court, and shall write his exception, the court shall allow and sign the same.

The subsequent sections make provision for the party obtaining his exceptions in case the judge refuses to sign the same. These sections relate exclusively to the practice and proceedings in the Circuit Courts, and have no reference to the District Courts. The law authorizes parties to bring cases from the District Courts to this court either by appeal or writ of error, but that exceptions should be saved would only be required by resorting to an act of judicial legislation.

In the absence of any direct statutory requirement, there is no apparent reason why the party should be compelled to except in the District Court. The whole record from the Circuit Court, with the points regularly saved, is before that court for revision; they are an appellate tribunal; and, if their opinion is objectionable or unsatisfactory, the same record is brought here. There are, indeed, no questions to be raised like those which spring up in the course of a trial at the Circuit Court, and nothing to except to, within the meaning of the term as used in the statute and by law-writers.

The reasons for such a course do not exist, and there is no law on the subject. The decisions in the District Courts are made from an examination of the whole record, and are supposed to be rendered with deliberation and care; and no reason is perceived why a party should any more be required to take an exception from their decision than he would be to take one from a decision here, in order to get to the Supreme Court of the United States, in a case where such a proceeding is authorized. The practice of saving questions in the trial of a cause by bills of exception originated under the statute of Westm. 2, 13 Ed. I, c. 31, which statute has in substance been re-enacted in the States of the American Union, and is substantially the law of this State.

The universal practice under these statutes has been confined to taking the bill at the trial. Blackstone, in treating of bills of exceptions, says: " If, on the trial, the judge, either in his directions or decisions, mistakes the law, by ignorance, inadvertence, or design, the counsel on either side may require him publicly to

seal a bill of exceptions, stating the point wherein he is supposed to err, and this he is obliged to seal by statute." (Westm. 2, 13 Ed. I, c. 31; 3 Blackst. Com. 372.) Tidd, also, in speaking of the office of the bill and the place where it is to be taken, remarks: "A bill of exceptions is founded upon some objection in point of law to the opinion and direction of the court upon a trial at bar, or of the judge at *nisi prius*, either as to the competency of witnesses, the admissibility of evidence or the legal effect of it, or for overruling a challenge or refusing a demurrer to evidence," etc. (2 Tidd's Pr. 786.) In conformity with these plainly settled rules, it has been determined that a bill of exceptions will only lie to review a decision made at the trial of a cause; and if it be so framed as to show that the exception was taken to a decision *in banc*, made after the trial, an appellate court cannot look into it. (The Onondaga County Mut. Ins. Co. v. Minard, 2 Comst. 98.) And an exception to the decision of a court *in banc*, or an appellate tribunal, amounts to nothing. (McCrackan v. Cholwell, 4 Seld. 133.) Accordingly, as at present advised, we shall deny the motion. The only question in the case which has been argued here, and which is presented for decision, is, what is to be regarded as sufficient notice, as contemplated by section 2, chapter 66, of the General Statutes, p. 352. The chapter regulates the manner in which corporate companies shall proceed to procure the appropriation and condemnation of lands, and the section points out the specific mode by which parties owning land proposed to be condemned shall be served with a summons or otherwise notified of the existence of the proceedings. The section states that after the filing of the petition, where the party cannot be served personally with a summons, if the name or the residence of the owner be unknown, or if the owners or any of them do not reside within the State, notice of the time of hearing the petition, reciting the substance of the petition and the day fixed for the hearing thereof, shall be given by publication, for three weeks consecutively prior to the time of hearing the petition, in a newspaper published in the county in which the proceedings are pending. In pursuance of this statute, the appellant, a chartered railroad company, pre-

sented a petition to Judge Harrison, of the Marion County Circuit, praying for the appointment of three disinterested commissioners to assess the damages which the owners of certain lands lying in said county might severally sustain in consequence of the establishment, erection, and maintenance of appellant's road. The respondent was one of the owners, and he was alleged to be a non-resident, and he was accordingly notified by newspaper publication. The notice published notified him that the appellant would make application to the judge of the Circuit Court, at the office of the clerk of the Hannibal Court of Common Pleas, in the city of Hannibal, in the county of Marion, in the State of Missouri, on the 2d day of December, A. D. 1867, to appoint commissioners to view and assess the damages which the respondent might sustain in consequence of the establishment, erection, and maintenance of appellant's railroad over the land of the respondent, which was particularly set out and described.

The commissioners were appointed, and proceeded to discharge their duty in assessing damages, and made their report, which was filed on the 8th of January, 1868. On the 27th day of February, 1868, while the Circuit Court of Marion county was in session, the respondent appeared by his attorneys and moved the court to set aside the report and dismiss the proceedings had in the cause, alleging several reasons therefor, which motion was sustained by the court, on the ground that the notice given by the appellant failed to recite the substance of the petition. After an unsuccessful effort to set the judgment aside, the appellant took the cause to the District Court, where an affirmance was had, and the cause is now in this court by appeal.

The purpose of giving publication in a newspaper was to notify the owner of lands which were sought to be appropriated and condemned that proceedings were pending, and that he might appear and protect his interest. And that he might understand the nature and object of those proceedings, it was made obligatory that the substance of the petition be stated or recited in the notice. In a legal sense, substance is that which is essential; it is a material allegation, necessary to be proved, in contradistinction to immaterial averments, which need not be proved. The position

is surely not sustainable that a published notice, in order to be good, should contain all that it may be necessary to embody in the petition. The substance is that which will give the owner information that steps are being taken to have commissioners appointed to assess damages on his land, preparatory to condemnation, for the purpose of constructing and operating a railroad track. All the details inserted in the petition would be of little consequence to him; but the proceedings to take measures to subject the property to the uses designated, and say what damages shall be paid therefor, are the substance and material matters of which the statute intended notice should be given. The publication notifies the respondent that the appellant will make application to the judge of the Circuit Court at a certain time and place, and the object sought to be accomplished is precisely and plainly stated; and a description of the land, which is the object of the proceeding, is set out. This certainly imparted to the respondent all necessary information, and apprised him of every thing essential touching the premises.

While, in a case of this kind, which proposes to divest the individual of his property without his consent, no intendments or liberality will be employed in the rules of construction, yet, on the other hand, the clear intention of the law should not be perverted or defeated by useless technicalities.

The judgment will be reversed and the cause remanded. The other judges concur.