————o————

The Quincy, Missouri and Pacific Railroad Co., Appellant, *vs.* Warren J. Kellogg, *et al.*, Respondents.

1. *Railroads—Lands, condemnation of—Substantial compliance with the law.*— When the law, concerning condemnation of lands for railroads (Wagn. Stat., 326, Art. 5), is substantially complied with, and a sufficient certainty is used to prevent surprise, or so much as not to mislead, it is all that the law requires.

2. *Railroads—Lands, condemnation of—Notice to owners.*—A notice to parties of proceedings to condemn their land for railroads (Wagn. Stat., 327, ¿ 2), which informs them that commissioners are to be appointed to assess damages to them accruing from the passage of the road over their lands, describing the lands, is sufficient, inasmuch as they cannot be mislead.

3. *Railroads—Lands, condemnation of—Petition for—Report of commissioners— Description of land.*—A petition for the condemnation of lands for a railroad (Wagn. Stat., 326-7 ¿ 1,) stated, that the railroad had been finally located

through the land of the defendant, and that stakes had been driven along the centre of the track where it passed over his land, that the strip intended to be occupied was 100 feet wide running in a north west direction across his land (giving the numbers of the land according to the Government surveys), and that a profile and plat of the road as located had been made and filed in the office of the clerk of the county. The report of the commissioners followed, the description in the petition, and referred to the profile and plat filed as furnishing a more specified description. *Held*, that the description was sufficient.

4. *Statute, construction of—Lands, condemnation of, for railroads—Joinder of defendants.*—The provision of the Statute (Wagn. Stat., 328, § 5) authorizing the joinder, as defendants, of those persons living in the same County or Circuit, in proceedings to condemn lands for railroads, is equivalent to saying that other persons, not residing in said County or Circuit, cannot be joined with them.

5. *Railroads—Lands, condemnation of—Improper joinder—Estoppel.*—If a party, improperly joined with others in proceedings to condemn lands for railroads, should appear and take any steps in the case without objecting to such misjoinder, or should, after the damages were assessed, receive the amount assessed, he might be estopped from objecting to the validity of the proceedings.

## *Appeal from Adair Circuit Court.*

*James M. De France,* for Appellant.

I. The proceedings for condemnation of the land were according to the statute.

II. The authorities cited by respondent have no application here.

*Ellison & Ellison,* for Respondents.

I. The respondent, being a non-resident, was improperly joined in the same petition with other non-resident and resident defendants. (Wagn. Stat., 328, § 5.)

II. The petition and order of publication and report should have described the land "which the Company seeks to acquire" by describing it exactly; as described, the appellant can shift its course and do respondent great injury. (Wagn. Stat., 326, § 1; 22 Ill., 399, which explains what the description should be.)

VORIES, Judge, delivered the opinion of the court.

This was a proceeding commenced by the plaintiff, in the Adair Circuit Court, under the fifth article of the statute of this State concerning corporations, for the purpose of condemn-

ing or appropriating lands for the road-bed of a railroad to be constructed by plaintiff.

The proceeding was commenced against defendant Kellogg, and between fifteen or twenty other defendants; all of whom resided in the County, or Circuit, where the proceeding was commenced, but said defendant, Kellogg, and two others, who were non-residents of the State. The resident defendants were personally served by summons, and publication made against the non-resident defendants. At the time fixed for the appearance of the parties the plaintiff appeared, and the court not then having time to hear the case, the hearing was postponed for three days, at which time the petition was heard, and commissioners appointed to view the land proposed to be taken by the plaintiff, and assess the damages to the several defendants through whose land the road had been located, the defendant Kellogg having made no appearance.

The commissioners afterwards viewed the different tracts of land proposed to be appropriated by the plaintiff, and made and filed their report, in which they assessed damages to defendant Kellogg to the amount of sixty-two dollars.

The defendant Kellogg appeared after the filing of this report for the first time, and filed his exceptions to the report, which were as follows:

1st. That he had not been lawfully or properly, notified of the application or petition to be made for the appointment of the commissioners: 2nd. Because none of the allegations in the petition had been proven or proof thereof waived: 3rd. Because the commissioners were not appointed on the day that the defendants were notified to appear: 4th. No instructions were given the commissioners in the order appointing them as to their duties under the law: 5th. Because the compensation given by the commissioners was not just or sufficient: 6th. The land appropriated is not sufficiently described: 7th. The petition and proceedings unlawfully joined resident and non-resident defendants in the same proceeding contrary to the laws of the State.

The court, upon a hearing of these objections, set aside the

report of the commissioners, and dismissed the proceedings as to said Kellogg; to this action of the court, the plaintiff excepted, and has brought the case to this court by appeal.

The only points discussed by the parties in this court are as to the sufficiency of the petition and the publication made against the non-resident defendants; and whether the defendant Kellogg was improperly joined in the petition with the resident defendants.

It is objected, that the petition and notice do not sufficiently describe the land to be condemned.

The petition shows, that the railroad had been finally located through the lands of the defendant; and that stakes had been driven along the center of the track where it passed over defendant's land, that the strip intended to be occupied was one hundred feet wide running in a north west direction across defendant's land (giving the numbers of the land according to the Government surveys), and that a profile and plat of the road as located had been made and filed in the office of the County Clerk for Adair County. The report follows the description in the petition, and refers to the profile and plat filed as furnishing a more specific description. We think the description is sufficiently certain and a substantial compliance with the law.

When the law is substantially complied with, and a sufficient certainty is used to prevent surprise or such certainty as not to mislead, it is all that the law requires. The notice we also think was sufficient; it notified the defendant that commissioners were to be appointed to assess damages to him for the passage of the road over his land, describing the land by its usual description; this could not mislead him as to the objects of the petition. (Quincy & Palmyra R. R. Co. vs. Taylor, 43 Mo., 35.) The objection, that the defendant, a non-resident, was joined in the same proceedings with other defendants, who resided in the County and Circuit where the proceedings were had, we think was well taken. The first section of the statute, under which this proceeding was had, provides, that the owners of all such lands, as lie within the County or Circuit, shall be made par-

ties defendant by name, etc. And the fifth section of the same act provides, that "Any number of owners, residents in the same County or Circuit, may be joined in one petition, and the damages to each shall be separately assessed by the same commissioners." The meaning of this fifth section is not very clear, but as the Legislature has expressly authorized, that those residing in the County or Circuit may be joined, it would seem to be equivalent to saying, that, where they did not reside in the County or Circuit, they should not be joined.

It is difficult to see how the defendant could be injured by being joined with the other defendants, but we do not feel at liberty to disregard the statute where the intendment seems plain, particularly in cases like this, where the proceeding is to obtain title to land by virtue of a special statute without the consent of the owner. If the defendant in such a case should appear, and take any steps in the progress of the case without making any objection as to the joinder of the other parties, or if he were, after damages were assessed, to receive the amount assessed, he might be estopped from afterwards making this objection; but in this case the defendant at the first opportunity urged his objection, and the court sustained the objection, and dismissed the proceedings as to him.

The judgment will be affirmed. Judge Adams absent; the other Judges concur.