THOMAS J. SPURGEON *et al.*, Respondents, v. WILLIAM BARTLETT *et al.*, Appellants.

### St. Louis Court of Appeals, January 30, 1894.

1. **Establishment of Public Road:** SURVEY BY COUNTY SURVEYOR. The report of the county surveyor in a proceeding to open a new road, setting forth a full description of the location of the road, together with a plat thereof, is sufficient evidence that he viewed, marked out and surveyed the road, to uphold an order of the county court establishing it.

2. ————: REPORT OF COMMISSIONERS. The report of the commissioners in such a proceeding need not recite that they heard complaints in accordance with section 7799 of the Revised Statutes. Moreover, a recital in such report that the commissioners, after notice to all the parties in interest, heard all the testimony offered in relation to the damages sustained by the laying out of the road, and thereon assessed such damages, sufficiently shows that they heard such complaints.

*Appeal from the Clark Circuit Court.*—HON. BEN E. TURNER, Judge.

AFFIRMED.

*W. L. Berkheimer* for appellants.

(1) The road commissioner did not, as a fact, view, mark out and survey, the route and line of this road, which must be done. Revised Statutes, 1889, sec. 7798. This means an actual survey—viewing and marking out of the line of the road, is the actual

measurement—fixing corners and marking boundaries, etc. Revised Statutes, 1889, sec. 6570; Sutherland on Statutory Construction, page 304; *United States v. Gresham*, 8 Wall, 330; *Dawson v. Dawson*, 23 Mo. App. 169. The words "to mark out" mean to determine by marks on the ground. Anderson's Dictionary of Law, page 658; *Keller v. Young*, 78 Pa. St. 170; *Allen v. Smith*, 12 N. J. L., 165. The words "to survey" do not mean and include the plat. They mean a survey made, that is, an actual examination—measurement of land—fixing corners, boundaries, etc. *Attorney General v. Stephens*, 22 Am. Dec., 526; Anderson's Dictionary of Law, page 999, (title, Survey); *Parker v. Schrader, etc., Co.,* 97 Pa. 383; 1 Wharton on Evidence, secs. 668–670; *Beardslee v. French*, 18 Am. Dec. 86. The word "view," as used by the legislature, means seeing, sight—actual ocular examination and inspection. Anderson's Dictionary of Law, p. 1090, (title, View). (2) The county court had no jurisdiction to make the order appointing the commissioners to assess the damages to the land owners, until the road commissioners had surveyed, viewed and marked out, the line and route of the proposed road. *Anderson v. Pemberton*, 98 Mo. 61; *Jefferson County v. Cowen*, 54 Mo. 234; *Whitely v. Platt Co.*, 73 Mo. 30; *Railroad v. Young*, 96 Mo. 39, and cases cited in the case; *Truax v. Sterling*, 41 N. W. Rep. 885; *Schuman v. Russell*, 18 S. W. Rep. 484. (3) The report of the commissioners does not comply with the law. Revised Statutes, 1889, sec. 7799: Revised Statutes, 1879, sec. 6938.

*H. M. & Charles Hiller* and *J. W. Howard* for respondents.

(1) Jurisdiction of the county court to locate a public highway having been shown, all subsequent

proceedings will be liberally construed, and a substantial compliance with the statute will be held sufficient. *Howard v. Board, etc.*, 41 N. W. Rep. 185; *Stull v. Brown*, 41 N. W. Rep. 186; *Railroad v. Kellogg*, 54 Mo. 334. (2) The report of the road commission was regular on its face, and could not be attacked or impeached by the oral testimony of said commissioner. The road commissioner complied substantially, if not literally, with the law in viewing, surveying and marking out, said road. When the law is substantially complied with, and a sufficient certainty is used to prevent surprise, or such certainty as not to mislead, it is all the law requires. *Railroad v. Kellogg*, 54 Mo. 334; *Attorney General v. Stephens*, 22 Am. Dec. 526. (3) The commissioners to assess damages substantially, if not literally, complied with the law. *Railroad v. Kellogg*, 54 Mo. 334.

BOND, J.—This is an application to the county court of Clark county for the establishment of a new road, which was properly signed, specifying the proposed beginning, course, and termination thereof, and otherwise in conformity with section 7796, Revised Statutes, 1889.

After due notice the petition was publicly presented to the county court of said county, and thereupon the remonstrance of appellants was presented and heard by the court, and also the testimony of the witnesses of the respective parties in regard to the public necessity and practicability of the proposed road; after which the court made an order of record requiring the county commissioner to view, survey and mark out, such road, and thereafter, upon the coming in of his report as provided in section 7798, Revised Statutes, 1889, and that of the commissioners appointed to assess damages, the court entered an order establish-

ing the road as prayed in the application of respondents. From this judgment of the county court an appeal was taken by appellants to the circuit court.

On the trial in the circuit court the orders of the county court were affirmed, and the road ordered to be opened as established. From this judgment appellants have brought the case by appeal to this court.

The assignments of error made by appellant may be grouped under the following heads:

*First.* The insufficiency of the action and report of the county surveyor under the order made on him to view, survey and mark out, the road.

*Second.* That the county court had no jurisdiction to make the order to appoint commissioners to assess damages, by reason of the alleged insufficiency in the report of the county surveyor.

*Third.* That the commissioners to assess damages made an insufficient report in this case.

Appellants insist, in support of their first assignment of error, that the county surveyor did not actually measure, fix corners and mark boundaries of the road, as he was bound to do in order to comply with the order of the court directing him to "*view, mark out and survey,*" the proposed road.

The report of said county commissioner, setting forth a full description of the location of said road together with a plat thereof, and the oral testimony of the witnesses, afforded some substantial evidence in favor of the finding of the circuit court, that the county commissioner *did* view, mark out and survey, the proposed road.

It is no answer to the evidentiary character of the descriptive report of the county surveyor, and his plat of the road and its boundaries and location, to say that these might have been prepared and drawn without an actual survey, since such descriptions are more

properly notations of actual measurements and inspection, and, therefore (independent of the evidence in this case that such were had), are the basis of a rational inference to that effect; which is all that is necessary to uphold a judgment in a legal proceeding where no instructions are asked or given. *Packer v. Schrader Mining Co.*, 97 Pa. 379; *St. Louis v. Railroad*, 114 Mo. 13.

The next error assigned is, that the county court could not appoint commissioners to assess damages until the road commissioner had discharged his duty. As we have seen, the finding of the court that he had complied with its order, is not in this case open for review upon the weight of the evidence. It follows, therefore, that the commissioners to assess damages were rightfully appointed.

Appellants also complain that the report of commissioners is not in compliance with section 7799, Revised Statutes, 1889, in that it fails to show that they heard "*complaints.*"

The report is, to-wit:

"We, the undersigned, having been duly appointed by the county court of Clark county, Missouri, at the August term, 1892, thereof, to act as commissioners and view the premises described in the petition of Thomas J. Spurgeon and others, did, on the eighteenth day of October, 1892, proceed to the premises described in said petition, having first notified all the parties interested of our intended meeting and the purpose thereof, and did then and there hear all the testimony offered in relation to the damages sustained by the laying out of said road; and, having taken into consideration in our estimate the advantages as well as the disadvantages resulting to each tract of land, over which said road runs, by establishing the same, do assess the damages thereof to each particular land

owner as follows, to-wit:" (Here follow names of owners and damages assessed to them separately, and description of land).

This report is full and in exact accordance with the provision of the statute, except that it states that the commissioners heard "*evidence*" instead of saying that they heard "*complaints.*"

If this be an irregularity, it is one of which the parties entitled to damages (claimants) cannot complain. The term "*evidence*," used in connection with "damages" to be assessed by the commissioners, is an equivalent to, if not a stronger word than, "complaints" used in the same connection. Besides, the statute only requires the *report* of the commissioners to return, to-wit, "under oath, to the county clerk, on, or before, the first day of the next regular term of the court thereafter, the *amount of damages* to each tract of land separately, together with the name of each person interested therein, as far as known, with a description of the land on which such damages are assessed, and the report of said board of commissioners, when signed by a majority of them, shall be taken and considered as the report of all, and the clerk shall file the same." It does not require the *report* to recite that complaints were heard.

The report in this case does not say that the commissioners prior thereto did not hear "complaints," nor was there any testimony to that effect. As they did assess damages after hearing evidence, it may, therefore, be inferred that such evidence was heard upon *complaints* before the body of commissioners. In this view there was no irregularity whatever in the commissioners report.

Our conclusion is that the proceedings in this case, both in the county and in the circuit court, disclose that all facts necessary to confer jurisdiction to estab-

lish the road in question existed, and that there was substantial evidence in support of the judgment of the circuit court.

Applications to open public roads are summary in their nature, and are had with a view to condemn the property of the citizen for the benefit of the public. They must, therefore, be conducted in strict compliance with the statutes governing the subject. Otherwise the court obtains no jurisdiction in the first instance, and all its ulterior proceedings are void. *Anderson v. Pemberton*, 89 Mo. 61; *Quincy, etc., Railway Co. v. Kellogg*, 54 Mo. 334; *Jefferson County v. Cowan*, 54 Mo. 234; *Whitely v. Platte Co.*, 73 Mo. 30.

In the case at bar, it affirmatively appears that all the prerequisites to the obtention of jurisdiction had been complied with, and, as we have seen, there was a sufficient basis in the evidence for a reasonable inference in favor of the judgment of the lower court. It is, therefore, affirmed. All concur.