THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant,* v. CARTER *et al.*

1. **Railroads** : CONDEMNATION OF LAND. Proceedings to condemn land for railroad purposes must be brought in the county where the land lies.

2. ———: ———: PARTIES. One who is neither a resident of the county nor of the judicial circuit, cannot be joined in the proceeding. Such misjoinder, however, could only cause a dismissal as to him, and would not authorize the court to dismiss the whole proceeding.

3. ———: ———: MINORS. The land of minors cannot be condemned for railroad purposes without making their guardians defendants in the condemnation proceeding. In case they have no regular guardian, guardians *ad litem* should be appointed.

4. ———: COMMISSIONERS' REPORT. The report of the commissioners is insufficient if it fail to contain a specific description of the property for which damages are assessed.

*Appeal from Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*Thos. J. Portis* and *Smith & Krauthoff* for appellant.

(1) This proceeding was instituted under the provisions of article six, chapter twenty-one, Revised Statutes, pages 160, 161, 162, and 163. In proceedings to condemn land for railroad purposes an allegation in the petition that the "parties could not agree upon the proper compensation to be paid for land proposed to be taken" is a sufficient averment of the fact of disagreement to put the adverse party upon the defence to the merits. The petition in this case meets exactly this requirement. *H. & St. Jo. Ry. v. Muder,* 49 Mo. 165; *K. C., St. Jo. & C. B. Ry. v. Campbell,* 62 Mo. 585. (2) The

circuit court erred in dismissing the proceeding as to all of the defendants, even if the defendant, Theodore Heinen, did not reside in Cole county, nor in the first judicial circuit. If the defendant, Heinen, who resided in Osage county and not within the circuit where the land sought to be condemned was situate, was misjoined with the other defendants, who resided in the circuit where the land was situated, the court in any view of the case, should have only dismissed the proceedings as to said Heinen. (3) The question that defendant had not charter authority to operate a road in the locality in question could not be raised in this proceeding. 38 New Jer. Law, 17. (4) There is no appearance by any one on behalf of the minor defendants, and so the allegation of a failure to make their guardian a party defendant is immaterial—Schoenen cannot raise it. If the minors are not made parties *their* interest does not pass, but it does affect the other parties. (5) Heinen's objections are not tenable. Under section 892 "the owners of all such parcels as lie within the county or circuit shall be made parties." This is a proceeding *in rem* and. the *situs* of the property determines the jurisdiction, not the residence of the parties.

*Edwards & Davison* for respondents.

(1) The circuit judge had no jurisdiction to appoint commissioners. *Kansas City, etc., Ry. v. Campbell*, 62 Mo. 585; *Quincy, etc., Ry. v. Kellogg*, 54 Mo. 334. (2) It was not for the circuit court to single out one party and confirm the report as to him and reject it as to the others. *Miss., etc., v. Ring*, 58 Mo. 491. (3) The statute authorizing the condemnation proceeding, being in derogation of the common law, should be liberally construed in favor of those whose rights are affected. 58 Mo. 491–494, *supra*. (4) The petition was defective in that it showed on its face that plaintiff was seeking to affect the land of minors and their guardians were not made parties, and,

also, in that it in like manner showed that the parties defendant did not reside in the same county, nor in the same judicial circuit.

BLACK, J.—This proceeding was commenced in the Cole circuit court to condemn the property of the defendants for a sidetrack. On the return of service of notice, three commissioners were appointed to assess damages, who made their reports. The defendant, Heinen, filed separate exceptions to the report, appearing for no other purpose. The other defendants, except Carter, as to whom the proceedings were dismissed, also filed exceptions. The exceptions were sustained, and the court being of the opinion that the petition did not state facts sufficient to authorize the appointment of commissioners, dismissed the proceedings.

1. The land lies in Cole county, and the proceedings could not be carried on in any other county, but inasmuch as Heinen did not reside in that county, or in that judicial circuit, under the authority of *Ry. Co. v. Kellogg et al.*, 54 Mo. 334, he should not have been joined in the same petition. But that did not justify the court in dismissing the whole cause. The misjoinder could have no further effect than to call for a dismissal as to him.

2. Three of the defendants were minors. If these defendants had guardians, then such guardians should have been made defendants according to the plain terms of section 892, Revised Statutes. If they were not under guardianship, then, when served with process, guardians for the purpose of the suit, should have been appointed. While the act with respect to the condemnation of lands, makes no special provision for the appointment of guardians for the purpose of the suit, still the practice act does, and it would be against all reason to permit these proceedings to go on to a condemnation of the minors' property without a guardian to look to their interest.

3.  Section 894, Revised Statutes, requires that the report of the commissioners shall contain a specific description of the property for which such damages are assessed.  The object of this requirement is obvious. The report is to be recorded, and becomes a muniment of title, and it ought to be made with care.  The report, even as amended, is in this respect deficient.  It must give a description of the property condemned.

4.  The evidence shows quite satisfactorily that the company and Schoenen could not and did not come to any agreement with respect to the compensation to be paid, and that an effort so to do was duly made.  No such question as this is made by the exceptions with regard to any of the other defendants, and the petition is sufficient in that respect.  It clearly asserts that no agreement could be made as to compensation, though an effort so to do had been made.  This statement must be taken as true until controverted.  *H. & St. Jo. Ry. Co. v. Muder*, 49 Mo. 165.

It follows from what has been said that the report of the commissioners was properly set aside, but the court erred in dismissing the entire proceedings, because of which the final judgment in that respect is reversed and the cause remanded for further disposition in accordance herewith.   The other judges concur.