# CASES DETERMINED

BY THE

# St. Louis and the Kansas City

# COURTS OF APPEALS,

MARCH TERM, 1891.

Missouri Pacific Railway Company, Appellant, v.
Mary E. Wilson, Respondent.

### Kansas City Court of Appeals, April 27, 1891.

Eminent Domain: PARTIES TO CONDEMNATION PROCEEDINGS: PRAC-
TICE. In a proceeding to condemn a right of way for a railroad,
non-residents of the county, circuit or state who own an interest
as remaindermen, for instance, in the premises, may be joined as
defendants with resident parties owning a different interest, as a
life-estate, in the same premises, and who are in full possession
thereof. The provisions of the practice act, sections 3465 and
3466, Revised Statutes of 1879, are applicable in such a case as in
any other civil action. (*Railroad v. Carter*, 85 Mo. 448, *and that
line of cases distinguished.*)

*Appeal from the Saline Circuit Court.*—Hon. Richard
Field, Judge.

Reversed and remanded.

*McDougal & Robinson,* for appellant.

(1) The amendment to the petition making the children of William A. Wilson parties defendant was proper. Modern practice favors such amendments, or will render the proceedings effective—new parties may be added. Lewis on Eminent Domain; *In re Railroad,* 26 Hun, 194; *Wood v. Commissioners, etc.,* 122 Mass. 394; *Fitch v. Stevens,* 2 Met. 505; *Milholland v. Thomas,* 7 Ind. 165; *Russell v. Turner,* 62 Me. 496; *Railroad v. Carter,* 85 Mo. 448. In the absence of any express provision in the act under which their proceeding was instituted, the provisions of our practice act should govern. *Railroad v. Carter,* 85 Mo. 450. Section 2099 of practice act provided that whenever complete determination of controversy cannot be had without presence of other parties the court may order them to be brought in by amendment to the petition. These children were necessary parties to a complete determination of the matter in controversy. They were owners of the reversion, and by provisions of section 2734, Revised Statutes, 1889, "if remaindermen are not made parties their interests shall not be bound by the proceedings." (2) After the children of William A. Wilson had been made parties defendant, the action of the court in dismissing as to them was erroneous. Defendant, Mary E. Wilson, held the fee and the new parties were the remaindermen, and by the express terms of the statute (sec. 2734) were proper parties. Life-tenants, lessees and reversioners are all interested in the compensation, and must be made parties in order to divest their interest. Lewis on Em. Dom., sec. 3260. The motion to dismiss the case as to the defendants, other than Mary E. Wilson, should have been overruled and damages assessed to the entire property, every interest therein, and the question as to the disposition of the same among the defendants could and should have been thereafter determined by the court. That was a

matter in which plaintiff was not interested, and with which it was not concerned. *Crangle v. Harrisburg,* 1 Pa. St. 132 · *Pittsburq, etc., v. Bentley,* 88 Pa. St. 178.

*John R. Vance* and *D. D. Duggins,* for respondent.

(1) The court did not err in refusing to bring in the children of William A. Wilson. They were not necessary parties ; besides, they were non-residents of the state of Missouri and could not be united or brought in so as to be connected with all these other resident defendants in the same petition. R. S. 1889, sec. 2737 ; *Railroad v. Kellogg,* 54 Mo. 334; *Railroad v. Carter,* 85 Mo. 448. (2) The will of William A. Wilson was offered for the purpose of proving that Mary E. Wilson held a less estate than that set forth in the petition, which could not be done. *Seibert v. Allen,* 61 Mo. 482 ; *Bank v. Armstrong,* 62 Mo. 59 ; *Wilson v. Abert,* 89 Mo. 537, 545-6; *Weil v. Posten,* 77 Mo. 284-287.

SMITH, P. J.—The plaintiff, the Missouri Pacific Railway Company, presented to the judge of the Saline circuit court in vacation a petition asking for appointment of commissioners to assess damages to lands in said county resulting from condemnation of right of way for said road. Among other parcels of land described in said petition were the two lots in the city of Marshall, now in controversy in this action, and it was in said petition alleged that Mary E. Wilson was the owner and in possession of said lots. Commissioners were appointed who assessed the damages to these lots at $1,000. Upon motion of said Mary E. Wilson, this action of the commissioners was set aside, and it was ordered that a new appraisement be made by jury. After the court had set aside the report of the commissioners and ordered a trial by jury, on motion of plaintiff, it ordered that the children of W. A. Wilson, deceased, who were non-residents of the state, be made

parties defendant, and that they be notified by publication. Subsequently, the court, on motion of the defendant, Mary E. Wilson, dismissed the new parties defendant on the ground that they were improperly joined with the defendant, Mary E. Wilson. The verdict and judgment were for $2,000. The plaintiff appealed.

The plaintiff's contention is, that the court erred in dismissing the proceedings as to the non-resident children of Wm. A. Wilson, deceased. These new parties were not residents of this state. They were brought before the court by publication. Under the statute, section 2737, which provides that, "any number of owners, residents of the same county or circuit, may be joined in one petition and the damages to each shall be separately assessed by the same commissioners," it has been decided that the land-owners who did not reside in the county or circuit where the land was situate could not be joined as parties with those who did reside therein. *Railroad v. Kellogg*, 54 Mo. 334; *Railroad v. Carter*, 85 Mo. 448. Neither the statute nor the above cited cases lend support to the action of the trial court. The facts in these cases were essentially different from what they are here. Kellogg in the one case, and Heinen in the other, were each non-resident land-owners; that is, they each were owners in its entirety of a separate parcel of land, and, as such, were severally joined with other resident owners of distinct and separate parcels. They were under the statute improperly joined with resident owners.

The case here is quite different. Mrs. Wilson, the defendant who occupies the land, and has a less estate than a fee, is joined with the other defendants, who are remaindermen and who are not residents of the same county or circuit with her. Here are a number of persons, all owners of different interests in the land which is the subject of the condemnation proceeding. It is quite clear that if these non-resident defendants were

the sole and independent owners of the land, they could not be joined in the proceeding with the owners of other distinct parcels. A joinder in such a case is forbidden by the statute. R. S., sec. 895. If they cannot be joined with Mrs. Wilson, then the proceeding must go against her as sole owner, though the statute expressly authorizes the persons having the next vested estate in remainder to be made party defendant. R. S., sec. 892. If she is to be regarded in the proceeding as sole owner, it follows as a necessary and inevitable consequence that the entire damage to the estate must be assessed to her, though she may own a less estate than a fee in the land. If she is only a life-tenant, death may terminate her estate the next day after she receives the damages. The judgment would not in that case bar the rights of the non-resident owners. Though the railway company may have paid her the entire amount of damages resulting to the estate, yet it would only acquire an easement over the land during her life. The effect of the ruling in the circuit court was to convert a life-estate into a fee, or less into a greater estate.

If the non-resident defendants, as the children of William A. Wilson, were under his will entitled to an estate in remainder in this land, they had such a title to the same, appearing of record upon the proper records of the county, as made them necessary parties to the proceeding.

The statute provides that non-resident owners may be brought before the court by publication of notice. R. S., sec. 892. We think the statute must be construed to mean that one or more persons, in the actual possession of the premises sought to be condemned, may be properly joined in the proceeding with other owners who have title to the premises appearing of record, or who are owners of an estate therein less than a fee, though they be non-residents of the county or circuit, or, indeed, of the state. The prohibitory provisions of the statute as to joinder of parties in

eminent domain cases have no application to a case like the present. The provisions of the practice act, sections 3465 to 3466, are as applicable to a case of this kind as to any other civil action. It follows from these observations, that the circuit court erred in dismissing the non-resident defendants from the case.

In the view of the case which we have expressed, it becomes wholly unnecessary to consider the other questions discussed by counsel in their respective briefs. If, on another appraisement by jury, damages shall be awarded to the defendants, the rights and interests of the several defendants therein can be determined by the court, and distribution ordered in accordance with such determination.

The judgment will be reversed and cause remanded. All concur.