THE ST. LOUIS, KANSAS CITY & COLORADO RAILROAD, COMPANY v. LEWRIGHT *et al., Plaintiffs in Error.*

Division Two, January 31, 1893.

1. **Condemnation Proceeding**: PLEADINGS. In summary proceedings to appropriate private property for public use, every matter necessary to confer jurisdiction must appear upon the face of the proceedings; otherwise they will be void.

2. ———: RAILROAD OF SISTER STATE: JURISDICTION. It is not necessary under Revised Statutes, 1889, section 2568, in a proceeding by a railroad corporation of a sister state to condemn land in this state for a right of way for it to aver and prove that it had built its line of railroad to the boundary line of the state in order to give the court jurisdiction of the subject-matter of the proceeding.

3. ———: ———: DESCRIPTION OF LAND. A petition in such proceeding sufficiently sets out the land sought to be condemned, which gives the exact point where the road enters on the land, the general course of the road, the point of exit, and the width of the strip to be taken.

4. ———: ———: COSTS: RECORD PROPER. The action of the court in taxing against the defendant the costs which accrued after the report of the commissioners was set aside, is a matter of record proper and its preservation in a bill of exceptions is not necessary for review on appeal.

5. ——: ——: ——.   The action of the trial court in taxing said costs against defendant and ordering them to be paid out of the amount of damages·returned by the jury, *held*, error.

*Error to St. Louis Circuit Court.*—HON. W. W. EDWARDS, Judge.

REVERSED AND REMANDED.

*John W. Booth* for plaintiff in error.

(1) This being a summary proceeding under the statute for appropriation of private property for public use, every matter necessary to confer jurisdiction must appear on the face of the proceedings. *Railroad v. Young*, 96 Mo. 39, and cases cited; *Railroad v. Campbell*, 62 Mo. 585; *Railroad v. Carter*, 85 Mo. 448; Mills on Eminent Domain, sec. 115; *Railroad v. Story*, 96 Mo. 611; *Cory v. Railroad*, 100 Mo. 282.   (2) In such a proceeding the circuit court has no powers except such as are expressly given by statute. *Gray v. Railroad*, 81 Mo. 126.   (3) The statute does not authorize the circuit court to render any judgment. Revised Statutes, 1869, ch. 42, art. 6.   (4) The only power of the court is upon a proper petition to appoint commissioners, and to set aside the commissioners' report, and to order a new appraisement by. a jury: *Railroad v. Almeroth*, 13 Mo. App. 91.   The jurisdictional facts averred in the petition cannot be put in issue or tried. *Railroad v. Almeroth*, 13 Mo. App. 91. Hence the court cannot on the hearing of the petition obtain jurisdiction by entering of record findings of jurisdictional facts not averred in the petition.   (5) In the case at bar the petition above shows on its face that the petitioner is incorporated under the laws of the state of Kansas, but it does not allege or show that said petitioner has any railroad in any state.   Hence the

petition is not sufficient to give the court jurisdiction,. and the proceedings herein are void for want of jurisdiction in that they show no right in the petitioner (defendant in error) to exercise in this state the right of eminent domain. (6) In this proceeding the record should show what particular land it is that is. sought to be taken. *Railroad v. Carter*, 85 Mo. 448; · Mills on Eminent Domain, sec. 115. (7) The record does not show what particular lands are here sought to be appropriated, and therefore the proceedings herein are irregular and void. (8) The court having no· power to render any judgment in this proceeding, it erred in rendering judgment for plaintiff in error for the damages awarded·by the jury less the costs incurred in the cause after the filing of the report of the commissioners. (9) The court erred in awarding any costs. against plaintiff in error.

*E. D. Kenna* and *L. F. Parker* for defendant in error.

(1) All jurisdictional facts appear on the face of the petition. (2) The question of the corporate existence and powers cannot be raised in this, a collateral proceeding. *Mallet v. Simpson*, 94 N. C. ·37; *Bank v. Matthews*, 98 U. S. 623; *Jones v. Habersham*, 107 U .S. 174; *Barnes v. Suddard*, 117 Ill. 237. (3) The description of the property sought to be taken is sufficient. (4) Under the statutes of Missouri, a Kansas corporation has power to obtain its right of way by condemnation proceedings in the same manner and to the· same effect as a domestic corporation. *Gray v. Railroad*, 81 Mo. 126; *State v. Seay*, 23 Mo. App. 623. (5) The question of adjudging the· costs is a matter· within the discretion of the trial court, which will not be interfered with by this court in the absence of evi-

dence that it has been abused. (6) Error in adjudging costs is a matter of exception, and this court will not review the action of a trial court in the absence of an appropriate motion calling the attention of that court to the alleged error, and in the absence of exceptions saved to its ruling.

BURGESS, J.—This is a proceeding commenced by the defendants in error in the circuit court of Franklin county against the plaintiff in error for condemnation of a right of way through certain lands of plaintiff in error described in the petition. Inasmuch as a point is made by plaintiff in error on the sufficiency of the petition we here set it out in full, omitting parts not here material:

"St. Louis, Kansas City & Colorado Railroad
    Company, of the State of Kansas,
    plaintiffs,
*v.*
"William P. Lewright, James M. Lewright,
    Elijah McLean and I. B. Kitchen,
    defendants.

"The plaintiff states that it is a corporation duly organized and existing under the laws of the state of Kansas for the purpose of constructing and maintaining a standard gauge railroad from a point in the western line of Seward county in said state of Kansas, near the center of said line eastwardly, through the counties of Seward, Ford, Comanche, Barbour, Harper, Sumner, Cowley, Choutaque, Linn, Elk, Wilson, Neosho, Crawford and Bourbon in said state of Kansas, to a point in the eastern line of said Linn. county, near the center of said line; thence through the state of Missouri eastwardly, through the counties of Vernon, Bates, Henry, Johnson, Cass and Jackson, in the state of Missouri, to the union depot in Kansas

City and said Jackson county; and from the point where said railroad runs northwestwardly to Kansas City aforesaid, eastwardly through the counties of Henry, Miller Osage, Maries, Gasconade, Franklin, St. Louis, to and into the City of St. Louis, Missouri, to, through and along the union depot in the said city of St. Louis, to the west bank of the Mississippi river at said city of St. Louis.

The plaintiff as authorized by the laws of the said states of Kansas and Missouri is about to construct, operate and maintain, and is now constructing, with the design and intention of operating and maintaining a standard gauge railroad over that part or portion of said road survey which passes through said county of Franklin, Missouri, in a general southwesterly direction from the town of Labadie in said county to the town of Union in said county.

That plaintiff has caused to be made an amended profile map of the route surveyed and adopted by plaintiff of that part of said railroad line in said Franklin county between the said towns of Labadie and Union.

That said amended profile map, made, certified to and filed in the office of the clerk of the county court of said county as aforesaid, shows the actual survey, location and distance of the roadbed through the several lots and tracts of land, and the congressional sections through which the road runs, and the number of miles, main and side tracks of said road on said portion of said railroad line in said part of said county.

That your petitioner has given written notice to all actual occupants of the lands hereinafter described of the defendants, over which the route of said railroad has been relocated and designated as aforesaid, of the location of said road through the same as shown by said amended profile map.

Plaintiff further states that as a common carrier and for the public benefit and convenience it needs and seeks to acquire for the purposes aforesaid and for the additional purposes of cutting and embankments, necessary for the proper construction and security of said railroad, a strip of land of the uniform width of one hundred feet in the following described tracts and parcels of land situated in said county of Franklin, between the said towns of Labadie and Union, through and over which said railroad route is surveyed and located, as aforesaid, with the courses of said roadbed, and the number of acres and parts of acres sought to be appropriated, and which land is owned by the defendant, William P. Lewright, to-wit: The west half of the southeast quarter and the northeast quarter of the southeast quarter and southwest quarter of section 36, in township 44, and northwest quarter of the northwest quarter, section 1, township 43, all in range 1, east. That the center line of said strip of lands sought to be appropriated for the purposes aforesaid enters the north boundary line of said southeast quarter of said section 36, about one thousand and fifty feet west of the northeast corner of said quarter section, and is located on said lands in a general southwesterly and northeasterly direction, passing out of said section 36, township 44, range 1 east, one hundred feet east of the southwest corner thereof, into said section 1, township 43, range 1 east, and continuing in the same general southwesterly direction until said center line of said railroad intersects the west line of said section 1, township 43, range 1 east, about on hundred feet south of the northwest corner thereof. That the amount of land sought to be appropriated and used by the plaintiff for the purposes of the construction of the roadbed is about eleven and six tenths acres.

Plaintiff further states that it has, by and through

its agents, made efforts to purchase of the defendant, William P. Lewright, the above described strip of land, for the purposes aforesaid, at a fair and reasonable compensation, to be paid to him by the plaintiff, but plaintiff, although so endeavoring, yet cannot agree with the said defendant, William P. Lewright, upon the just and fair compensation for said strip.

Wherefore, plaintiff prays this honorable court to appoint three disinterested freeholders, residents of said county of Franklin, as commissioners to ascertain and assess the damages which the said defendant, William P. Lewright, may sustain, and the just compensation to which he may be entitled in consequence of the construction, maintaining and operating of said railroad through said lands as aforesaid.''

February 16, 1887, the court, on said petition, appointed commissioners to assess damages to defendant Lewright, who assessed the damages at $2,200, and so reported. This report was subsequently set aside on motion of plaintiff, November 2, 1887. On the application of plaintiff, the venue was changed to the county of St. Louis. On May 24, 1888, a trial was had in the St. Louis county circuit court by a jury and damages assessed in favor of defendant at the sum of $1,350. The circuit court taxed the cost, amounting to $300, against the defendant.

Defendant afterwards filed his motion to set aside the verdict of the jury, and for a new trial, which being overruled, he sued out his writ of error from the St. Louis court of appeals, which said court, at the October term, 1890, certified the cause to this court because of its want of jurisdiction. No bill of exceptions was filed.

The first point urged in this court by plaintiff in error is that this being a summary proceeding under the statute for the appropriation of private property

for public use, every matter necessary to confer juris-
diction on the court in which the proceedings are had
must appear on the face of the proceedings, and that
inasmuch as the petition shows that the petitioner is
incorporated under the laws of the state of Kansas,
and *does not aver* that it has built its road to the
boundary line of this state, that the court below had no
jurisdiction, and all proceedings herein are null and
void for the want of authority.

It is also contended by defendant that plaintiff,
being a foreign corporation, incorporated under and by
the laws of Kansas, that the only authority that it had
to extend its road through this state and to condemn
lands for that purpose is by virtue and authority of
section 2568, Revised Statutes, 1889, and that its power
as conferred thereby must be strictly construed.

There is perhaps no question better settled than that
in all summary proceedings to appropriate private prop-
erty for public use, every matter necessary to confer
jurisdiction must appear upon the face of the proceed-
ings, and that, in the absence thereof, all such proceed-
ings are null and void.    *Railroad v. Young*, 96 Mo. 39;
*Railroad v. Campbell*, 62 Mo. 585; *Railroad v. Carter*,
85 Mo. 448; Mills on Eminent Domain, sec. 115; *Rail-
road v. Story*, 96 Mo. 611; *Cory v. Railroad*, 100 Mo.
282.

If the law is as contended for by defendants that
the plaintiff corporation being incorporated under the
laws of the state of Kansas, as alleged in the petition,
that it must allege, that it has built its road to the
boundary line of this state, in order to confer jurisdic-
tion on the courts of this state for the purpose of
condemning lands for its right of way or roadbed, then
it becomes necessary that such allegation should be
sustained by proof, because material.    Build means
not only to grade, but tie and iron.    Suppose that

plaintiff had builded its road across the state of Kansas and not nearer to the state line than one to three miles or less. Would it for that reason be without authority under the laws of this state to have land condemned for the right of way and roadbed within its borders? "Though a statute may be of a class which must be construed strictly, it is nevertheless to be so construed as to effect the intention of the legislature." Sutherland on Statutory Construction, sec. 350. The evident intention of the legislature was to encourage foreign railroad corporations to extend their roads into and through this state, and to place them on an equal footing, and to confer on them the same rights that are conferred on domestic corporations of like character. The construction of the statute as contended for by counsel for defendant is in our judgment entirely too narrow, and is not in harmony with the view of the legislators that enacted it. That a foreign corporation may avail itself of the right of condemnation conferred on domestic corporations, see *Gray v. Railroad*, 81 Mo. 126; *State ex rel v. Seay*, 23 Mo. App. 623.

The point is also made by defendant that the proceedings do not show what particular land is sought to be condemned. The petition describes the land, the exact point where the road is to enter the same, its general course and the point where it intersects the extreme line, as well also as the quantity to be taken, which seems to be fully as definite and certain as the description of the lands sought to be condemned for right of way and roadbed in the case of *Cory v. Railroad*, 100 Mo. 282, which was held sufficient by this court.

The only remaining question is as to the action of the trial court in taxing the costs of the proceedings against defendant, which accrued after the report of the commissioners was set aside. It is contended by

St. Louis, K. C. & C. Ry. Co. v. Lewright.

plaintiff that this is a matter of exception, and, as no bill of exception was filed by defendant, this cannot be noticed by this court. On the other hand, the contention is that it is a matter of record, and that no bill of exception was necessary. "The record proper by law is the petition, summons and all subsequent pleadings, including the verdict and judgment; and that the law has made it our duty to examine and revise, and, if any error is apparent on the face of these pleadings which constitute the record, we will reverse the cause, whether any exceptions were taken or not." *Bateson v. Clark*, 37 Mo. 31; *Railroad v. Carlisle*, 94 Mo. 166.

The trial court not only taxed the costs that accrued after the commissioners' report was set aside against the defendant, but ordered and adjudged that such costs be paid out of and deducted from the amount of damage allowed him on the trial by jury. This we take it was manifest error and is apparent upon the face of the record. The judgment is affirmed, except as to the cost; and as it ought to have been taxed against the plaintiff this cause is reversed as to the costs only and the circuit court ordered to render up judgment in favor of defendants for the sum of $1,350, with six per cent. interest per annum from the day of the rendition of the verdict in the court below, to-wit, May 24, 1888. All of this division concur.