————o————

### T. H. MEYERS, Defendant in Error, *vs.* JOHN RUSSELL, Plaintiff in Error.

1. *Notary Public—certificate—alteration—seal.*—The seal of a Notary Public attesting his certificate, need not be impressed upon wax; it is sufficient if it be impressed upon the paper.
2. *Evidence—Proof of contents of writing.*—The statement by a witness that a letter is lost or mislaid, and that to the best of his belief he has destroyed it, is sufficient foundation for evidence of its contents.

*Error to Nodaway Circuit Court.*

*Johnston & Royal*, for Plaintiff in Error.

*H. M. Jackson*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

The first objection taken, that the amended statement made in the Circuit Court constituted a different cause of action to the one tried before the Justice of the Peace, is not tenable. They were both identically the same, so far as the cause of action was concerned. They were both predicated upon the same items, and expressed the same amounts, only the statement filed in the Circuit Court was more definite and precise.

The defendant moved to quash a deposition taken in the cause before a Notary Public, because it was not properly attested with the notarial seal, which motion the Court overruled. In this, there was no error. The seal was affixed by an impression on paper, and that was sufficient, it was not necessary that it should be impressed on wax, according to the old common law rule.

It seems that the defendant was indicted in the State of Illinois on two several indictments, and the liability for which he was sued was incurred by reason of another person going his surety on his recognizance and paying his fine. It was objected that the recognizance was not properly admissible in evidence. But it was not offered singly and by itself. The whole record of the proceeding, including the indictment, plea of guilty, recognizance and judgment, were regularly certified by the clerk, and attested by the presiding judge in due form as prescribed by the act of Congress in reference to proving the acts, records and judicial proceedings of the different States. The whole record was therefore clearly admissible.

The only other point is the ruling of the Court in admitting in evidence the contents of a letter without producing the original, but I think a proper foundation was laid for its reception.

The witness stated that the letter was lost or mislaid, and that his belief was that he had destroyed it.

Let the judgment be affirmed. The other judges concur.