# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

---

### MARCH TERM, 1892.

---

JOSEPH D. HAVENS, Respondent, v. WILLIAM A. LAWTON, Appellant.

#### Kansas City Court of Appeals, April 4, 1892.

**Practice, Appellate:** MATTERS NOT IN THE BILL OF EXCEPTIONS. Where matters, such as improper remarks of counsel at the argument, and affidavits in support of the motion for a new trial, do not appear in the bill of exceptions, the appellate court cannot notice them.

*Appeal from the Clay Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

AFFIRMED.

*Beebe & Watson,* for appellant.

The remark of plaintiff's counsel, in referring to the change of venue taken by defendant, was error. *Brown v. Railroad,* 66 Mo. 58; *Ritter v. Bank,* 87 Mo. 574; *Marble v. Walters,* 19 Mo. App. 134; *Gibson v. Zeibig,* 24 Mo. App. 373; *Koch v. Hebel,* 32 Mo. App. 103; *McDonald & Co. v. Cash,* 45 Mo. App. 66.

*Gage, Ladd & Small,* for respondent.

The judgment should not be reversed on account of the remarks of counsel in argument. Record of the occurrences complained of is not preserved in the bill of exceptions, but only in affidavits filed upon the motion for a new trial. These cannot be considered in this court. *Roeder v. Studt,* 12 Mo. App. 566; *State v. Carter,* 98 Mo. 179; *State v. Pagels,* 92 Mo. 311; *State v. McDaniel,* 94 Mo. 306; *Loyd v. Railroad,* 53 Mo. 509; *State v. Hayes,* 81 Mo. 577; *State v. Musick,* 101 Mo. 273; *Norton v. Railroad,* 40 Mo. App. 642.

GILL, J.—Plaintiff sued defendant on seven promissory notes of $200 each, executed by defendant, and payable to the plaintiff, each purporting on its face to bear interest from date at the rate of ten per cent. The defense was that plaintiff had altered the notes after their execution; that they were written and signed to carry interest from maturity, and that plaintiff, without defendant's consent, had erased the word *maturity* in each note and inserted *date,* thereby making the notes bear interest from date rather than maturity. In reply to this charge plaintiff testified that the notes were made and signed from some blanks wherein *maturity* was printed, and by mistake the parties neglected to erase this and insert *date,* which was the intention of the parties; but that after leaving defendant's office (and less than hour) plaintiff discovered the error, returned forthwith to defendant, who then authorized plaintiff to make the correction, which was done at once. This was denied by the defendant. Upon this issue the case was tried before a jury, under instructions from the court; plaintiff secured a verdict and judgment in his favor, and defendant appealed.

There is in fact but one matter urged for reversal. It is claimed that, in the argument at the close of the

trial, plaintiff's counsel went outside of the record and stated to the jury irrelevant and prejudicial matter.

As to this, it is sufficient to say that the bill of exceptions fails to contain, upon the indorsement of the trial judge, any statement of the objectionable matter. The matter set out in the motion for new trial—coming as it does from one of the litigants, but not settled and stated by the court—does not bear that stamp of authenticity that justifies our attention here. The same remark applies to the affidavits filed in support of the motion for new trial. It is the duty of the trial court in cases of this kind, as in all others, to recite the occurrences at the trial over the certificate and seal of the court, and by such recitals we are alone controlled. It would be a very unsafe practice to permit disappointed litigants thus to bring up additions to the bill of exceptions which the court had failed or refused to include. It has been repeatedly so held by the appellate court of this state. *Norton v. Railroad,* 40 Mo. App. 643, and other decisions cited in plaintiff's brief. There is no error in the record, and the judgment is affirmed. All concur.