CORA V. SCOTT, Appellant, v. LEO. BURFIEND, executor, etc., Respondent; CHARLES P. SCOTT, Defendant.

**Kansas City Court of Appeals, February 5, 1906.**

1. **PARTIES: Husband and Wife: Adversaries.** On the record and facts it is held that the defendant husband is in accord in purpose and interest with the plaintiff wife, and that the defendant executor was the only party occupying a position adverse to the plaintiff.

2. **WITNESSES: Statute: Adverse Party: Construction.** The statute relating to witnesses should be liberally construed to accomplish the purpose of its enactment, which was to disqualify a living party when the death of the other party necessarily places his estate at a disadvantage.

3. ——: ——: ——: ——. The plaintiff wife brought an action against an estate and her husband to reform a note made by the decedent and the husband and to secure a decree that she was the payee in the note and her husband the mere security of the decedent, and it appearing that the purposes and interests of the defendant husband are identical with the plaintiff wife and the defendant's testimony would put the estate at a particular disadvantage, held, plaintiff wife was an incompetent witness under the statute.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*Alf. F. Rector* for appellant.

(1) The note which was the foundation of the suit was signed by two persons, each equally bound by the

terms of the note for its payment to the plaintiff. Harper was dead but Charles P. Scott was living and made a party to the suit, and judgment asked against the estate of George W. Harper, deceased, and Charles P. Scott. Plaintiff was a competent witness and it was error to strike out her testimony. Fulkerson v. Thornton, 68 Mo. 468; Williams v. Perkins, 83 Mo. 379; Amonett v. Montague, 75 Mo. 43; Nugent v. Curran, 77 Mo. 323. (2) Plaintiff, although wife of defendant, Charles P. Scott, had the right to maintain the suit against him as joint maker of the note and had the right also to have the note reformed as against him and the estate of Geo. W. Harper, so as to give her the remedy at law to recover her debt against both makers of the note, and was a competent witness in the case. Rice, Stix & Co. v. Sally, 176 Mo. 131; Layton v. Cooper 174 Mo. 211; Brinsmake v. Groll, 14 Mo. App. 445.

*Robert M. Reynolds* and *Wayne Hayman* for respondent.

(1) We submit that the action of the court was proper. Plaintiff was not a competent witness. R. S. 1899, secs. 4632, 4652. (2) George W. Harper, at the time of this trial was dead, and we submit that in this cause there was no other adverse party to the cause of action in issue and on trial, than the defendant, executor. The issues upon trial were the issues raised by plaintiff's petition and by defendant, executor's separate answer, with which said answer the said Charles P. Scott had nothing to do. (3) Again if it should be considered that the said Charles P. Scott was a party to the cause of action, yet he was not competent to testify in the cause for the reason that by the allegation of plaintiff's petition (which was in effect an attempt at a further reformation of the note sued upon), an issue was made between the deceased, Har-

per, and the said Charles P. Scott, as to a contract between Harper and Scott, to the effect that Harper was principal and Scott was his surety only in the execution of said note (when said note showed upon its face that they were both co-makers and principals) and by such allegations the said Charles P. Scott and the said deceased, Harper, were made adverse parties. This fact that Charles P. Scott had executed this note as a surety for said Harper, stood charged in each count of Plaintiff's petition and all having been made parties to the suit, a finding thereon raised as it was by the pleadings, would have been conclusive on the Harper estate, and if found against said estate would have bound the said estate to the said Charles P. Scott for the full payment of the entire amount due upon said note. 1 Van Fleet's Former Adjudication, p. 572, art. 256; Bank v. Bartle, 114 Mo. 276.

JOHNSON, J.—This is an action to reform a promissory note and to recover judgment for the sum due thereon. During the progress of the trial, plaintiff was compelled by an adverse ruling of the court to take a non-suit and after unsuccessfully moving to have it set aside brought the case here on appeal. The note sued on is as follows:

$160.00. "Sweet Springs, Mo., April 14, 1891.

Five months after date, we or either promise to pay to the order of Charles P. Scott one hundred and sixty dollars, at Chemical Bank for value received, negotiable and payable without defalcation or discount, and with interest from date if not paid at maturity at the rate of ten per cent per annum and if the interest be not paid annually, to become as principal and bear the same rate of interest. "G. W. HARPER,
"CHARLES P. SCOTT."

Plaintiff is the wife of Charles P. Scott and alleges in her petition that she loaned the money, for which the note was given, to Harper out of her own funds; that

the name of Scott was inserted as payee by mistake, that on August 20, 1898, Harper paid her twenty dollars upon the indebtedness and that her husband signed the note as surety for Scott. Harper died in 1903 and Leo. Burfeind was appointed and qualified as executor of his estate. Both the estate and Scott are made defendants. The executor filed answer in due time, in which he pleaded payment and other defenses not necessary to mention. It is sufficient to say that all of the allegations of the petition were put in issue by the answer. Scott filed no answer or plea.

At the trial, Mrs. Scott, the plaintiff was permitted to testify as a witness, over the objection of the executor that she was disqualified by reason of the death of Harper. She stated that she loaned the money to Harper who was the half-brother of Scott; that Harper wrote the note and plaintiff did not notice the mistake made in the name of the payee and her attention was not called to it until about five months after the transaction; that she took no steps to have the error corrected; that Harper paid her twenty dollars on the note in 1898 and that, after the death of Harper, her husband, with her knowledge and consent, presented the note to the probate court as the owner thereof and asked for its allowance as a demand against the estate. Plaintiff after this, employed counsel and on his advice had the claim withdrawn from the probate court and brought this suit. She is quite positive that the only relation sustained by her husband in the transaction was that of surety for Harper. Scott was present at the trial, but was not called to the witness stand. At the conclusion of plaintiff's evidence, the executor moved to strike out her testimony on the ground of her disqualification as a witness under the facts disclosed; the motion was sustained and plaintiff took a non-suit.

It is very evident that plaintiff had a twofold object in view in the bringing and prosecution of this action, namely, to establish and enforce a liability against

the estate of Harper and to relieve her husband of his liability as an apparent joint maker of the note by showing that in fact, he signed it as surety. It thus appears that, notwithstanding Scott in being joined as defendant was on the face of the record placed in opposition to plaintiff, in fact and in intent, his interest was identical with hers and hostile to that of the estate, for with the note reformed and an adjudication that Scott was a surety and not a principal the ultimate liability for the entire debt would fall on the estate. Plaintiff would collect her debt in full and her husband would escape from paying any part of it. Considering the confidential relation existing between plaintiff and her husband; his previous effort in his own right to collect the note from the estate; his failure to make any defense to this action; and the certain benefit that would eventually result to him should the action succeed; we think the learned trial judge was right in holding that husband and wife were in accord in purpose and interest and that the executor was the only party defendant who really occupied a position adverse to that of plaintiff.

Section 4652, Revised Statutes 1899, has been before the Supreme and appellate courts frequently and has been variously interpreted. It would serve no useful purpose to review the numerous cases and we will content ourselves with stating the rules of construction that appear to have received approval in the more recent ones. The statute should be liberally construed and, in its application, the main purpose to be served is to prevent the living party to a contract from obtaining an unfair advantage over the estate of deceased opposite party, but, when it appears that the death of a party does not necessarily place his estate at a disadvantage with the other party, there is no reason for disqualifying the living party and the statute should not be applied. Thus, it was said in Fulkerson v. Thornton, 68 Mo. 468: "The reason of the statutory prohibition is the prevention of one person testifying where death has

sealed the lips of his adversary; a reason which cannot possibly apply where there are other persons still alive who were co-contractors with the decedent, cognizant of all the facts as well as he was, able, therefore, to testify in opposition to the testimony of the witness objected to as being incompetent because of the death of one of the co-contractors. As the reason for the rule does not exist, no more does the rule."

Following the logic of this reasoning, the conclusion is inevitable that, when the sole co-contractor with the decedent is, in fact, interested with the opposite party to the contract in fixing a liability upon the estate of the decedent, the parties to the action do not stand upon an equality and the prohibition of the statute should be enforced, for, in such situation, the defendant estate has no living party to the contract to whom to turn with any degree of confidence for evidence "in opposition to the testimony of the witness objected to." It labors under the same or even greater disadvantage that would have confronted it had the decedent been the sole contractor with the opposite party, and to compel it, either to go without the testimony of decedent's co-contractor, or to rely upon his fairness as a witness when his interest is hostile to that of the estate, would certainly be placing the estate at a practical, if not theoretical, disadvantage. Therefore, in such case, the "reason of the rule"—the real touch stone—is all in favor of the prohibition and, applying it here, we must sustain the ruling of the learned trial judge. Cases in this State in point are as follows: Coughlin v. Haeussler, 50 Mo. 126; Bank v. Rood, 132 Mo. 261; Ess v. Griffith, 139 Mo. 326; Orr v. Rode, 101 Mo. 398; Bank v. Payne, 111 Mo. 296; Henry v. Buddecke, 81 Mo. App. 360; Williams v. Perkins, 83 Mo. 379; Amonett v. Montague, 75 Mo. 43; Nugent v. Curran, 77 Mo. 323; Stone v. Hunt, 114 Mo. 66; Hoeffner v. Grand Lodge, 41 Mo. App. 359.

The judgment is affirmed. All concur.