ANNA M. LYNGAR, Respondent, v. FRED L. SHAFER, Appellant.

Kansas City Court of Appeals, May 20, 1907.

1. **WITNESSES: Bills and Notes: Dead Payee: Agent.** Under the statute when one party to a contract is dead the other cannot testify, but when the contract was with the deceased's agent, the living party may still testify.

2. ——: ——: ——: ——: **Surety.** Where an agent of the payee who made the contract resulting in a note, signed the note as surety for the maker, and the payee subsequently died, the maker and also the agent, though the latter is not a party to the action, are incompetent witnesses, since the agent was disqualified at common law and is not qualified by the statute.

3. **EVIDENCE: Identifying Note: Abstract.** Certain evidence is held insufficient to identify the note with a certain book account, since the record fails to show a copy of the book itself and merely shows a statement of counsel as to the contents of the book. And, besides, there is a discrepancy between the note and the book as stated by counsel.

Appeal from Dade Circuit Court.—*Hon. Argus Cox,* Special Judge.

**AFFIRMED.**

*William B. Skinner,* with *S. A. Payne,* for appellant.

(1) If the consideration of a contract is illegal, in whole or in part, this defeats the entire contract, and it is immaterial whether such illegality is declared by the contract, or is established by evidence aliunde. Brick v. Seal, 45 Mo. App. 475; Woolfolk v. Duncan, 80 Mo. App. 421. (2) The statute regulating the admissibility of the testimony of interested persons, where the adverse party is dead does not exclude the evidence of one party to a contract where the transaction on the other part was had with an agent who is alive. Miller v. Wilson, 126 Mo. 48; Bank v. Payne, 111 Mo. 291; Orr v. Rode, 101 Mo. 398, 399; Roeder v. Shryock, 61 Mo. App. 489.

*Neale & Newman,* with *Edwin Frieze,* for respondent.

(1) In actions where one of the original parties to the contract or cause of action is dead, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him. R. S. 1899, sec. 4652; Curd v. Brown, 148 Mo. 95; Kersey v. O'Day, 173 Mo. 571; Johnston v. Johnston, 173 Mo. 121; Patton v. Fox, 169 Mo. 107; Imboden v. Trust Co., 111 Mo. App. 231; Jenkins v. Emmons, 117 Mo. App. 8. (2) The mere fact that Stone is not a party to the suit, will not relieve defendant of the disability as a witness, created by the statute. Stone being a comaker of the note sued on, is a party in interest, and leaves the plaintiff no one to whom to turn for evidence in opposition to the testimony of defendant ob-

jected to. Scott v. Burfiend, 116 Mo. App. 75-76; Leach v. McFadden, 110 Mo. 589; Messimer v. Clay, 113 Mo. 389; Supreme Council R. A. v. Bevis, 106 Mo. App. 435. (3) The witness being disqualified at common law, the statute does not qualify him and it makes no difference whether his disqualification at common law arises from his being a party to the record or from his interest in the result of the litigation. Leach v. McFadden, 110 Mo. 589; Curd v. Brown, 148 Mo. 95; Jenkins v. Emmons, 117 Mo. App. 8. (4) There being no evidence identifying the note sued on as the note given in payment of the account and no evidence of the payment of said note the court committed no error in giving the jury a peremptory instruction to find for the plaintiff.

ELLISON, J.—This is an action on a promissory note. The trial court gave a peremptory instruction to find for the plaintiff and defendant has appealed.

It appears that the payee of the note died and this action was instituted by his widow who, as such, became the owner of the note by administration in the probate court. The note was signed by defendant and Henry Stone. Stone was in reality a surety for defendant, though that does not appear on the face thereof. The defense was payment and that the consideration was intoxicating liquors sold in violation of law. At the trial defendant offered himself as a witness and he was excluded by the court on the ground of the payee being dead. But it was shown and urged upon the court that Stone was the deceased's clerk and agent and that he transacted the business with defendant which resulted in the note, and that he also took the note for deceased. It thus appearing that Stone was deceased's agent who transacted the business and that he is also one of the obligors on the note (though not sued in this action) the question is, does that state of facts qualify the defendant payor?

The unusual circumstance that Stone was the agent in obtaining the note upon which he himself appears as an obligor presents the only difficulty in the question. We have concluded that the trial court was right in excluding defendant as a witness. The general proposition that when one party to a contract is dead the other cannot testify appears by the terms of the statute itself. [Sec. 4652, R. S. 1899.] But the rule is well settled, by way of exception, that if the transaction is had with an agent of the deceased party and the agent is alive, the other party may testify. [Williams v. Edwards, 94 Mo. 447; Banking House v. Rood, 132 Mo. 256; Nichols v. Jones, 32 Mo. App. 657.] This is for the reason that the object in excluding one party when the other is dead is to put them on terms of equality. [Scott v. Burfiend, 116 Mo. App. 71.] This equality is often expressed as that, since death prevents one from speaking, the law will not permit the other to speak. But the reason for the rule ceases if the deceased was represented by an agent who is alive and may speak, for in such case the parties to the contract are on the same terms of equality as if they were both alive. So it must follow that where from some cause the agent is not competent, the exception permitting the surviving party to testify cannot be allowed simply for the reason that the reason for allowing him to do so does not exist.

In this case, as already stated, we have the unusual circumstance of the agent being also an obligor in the contract. Being a party to the contract, though not a party to the suit, he is yet an interested party and is thereby disqualified as a witness at common law, and the statute does not qualify him. [Leach v. McFadden, 110 Mo. 584.] It follows therefore that to allow defendant to testify in his own interest would give him the advantage over the opposite party which the statute was designed to prevent.

125 App—26

The only other point necessary to determine was whether defendant identified the note in suit with an account in deceased's books marked as settled by note. We think the trial court was right in its ruling on this head. In the first place a copy of the book itself is not shown in the record. There only appears what counsel stated to the jury. It may be that in the interest of the trial a copy of the actual entry, or entries, was omitted. The record should have shown the entry or entries by copying them into the record as being from the book. As it now appears we have only what counsel stated was in the record. But aside from this, if we take counsel's statement as and for the book itself, there is a discrepancy. Counsel's statement is that the book showed "settled by note on January 1, 1896, Amount $15.40," while the note sued on is signed by the defendant and Stone and is dated December 31, 1895. Neither do we consider that the testimony of the witness Harrison identified the note, when it is considered in its entirety. Indeed, his cross-examination showed that he did not know.

After having considered the record with the original and reply briefs of counsel we conclude the judgment should be affirmed. All concur.